MARTÍNEZ, APPELLANT, v. REGISTRAR OF MAYAGÜEZ,
RESPONDENT.

## APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

### No. 579.—Decided December 5, 1923.

RECORD OF TITLE—DEED OF SALE—POWER OF ATTORNEY.—When a deed is presented for the purpose of recording one of several community properties sold by the husband for himself and as attorney in fact of his wife and it does not appear that the said deed had been recorded previously, but was referred to in the record of a certain property, the registrar is not estopped, in considering the deed of sale, from determining the sufficiency of the power of attorney, although it may appear to have been mentioned in previous records of a property. The estoppel against making a new determination referred to in the case of *Gerena* v. *Registrar*, 26 P. R. R. 79, applies to instruments already recorded.

ID.—ID.—ID.—COMMUNITY PROPERTY.—A power of attorney wherein the wife authorizes the husband to sell any kind of property, without specifying community property, does not give him power to sell the ganancial property of the wife.

ID.—ID.—ID.—ID.—The sale of community property having been made when the Revised Civil Code was in force, express authorization by the wife was necessary although the marriage was contracted when the Spanish Civil Code was in force.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

·The Registrar of Property of Mayagüez was asked to record a sale made by Víctor P. Martínez individually and in the name of his wife by deed No. 127 of July 12, 1915, of a rural property belonging to the conjugal partnership, and the registrar refused to record it for the following reason:

"Record of this document is denied because the power of attorney exhibited does not confer authority to alienate community property, and a cautionary notice for 120 days is entered at page 122 of volume 15 of Las Marías, property number 673, entry letter A, with the curable defect that it is not shown that Milagros _de los Ríos y Avila was the wife of Martínez y González when this property was acquired, it being understood that this refers only to the property described under letter B in this document, the only property asked to be recorded."

From this decision Víctor P. Martínez took the present appeal, praying this court to order the record of the deed for the reason that other records had been made in the same registry accepting the said power of attorney as sufficient, wherefore the registrar is estopped from passing upon it again and rejecting it; and because he had no necessity of a power of attorney from his wife and did not need her express or general consent to sell community property, inasmuch as he married her when the Spanish Civil Code, which did not require such consent, was in force, and although the power of attorney was given and the sale was made after the adoption of the revised Civil Code, which requires such consent, this requirement can not affect his right acquired under the former code to sell as husband the property of the conjugal partnership secured by the provisions of section 3 of the revised Civil Code and section 1 of its temporary provisions.

Deed No. 127 was executed on July 12, 1915, and by it the husband, individually and as attorney in fact of his wife, sold several properties and credits to Emiliano Beauchamp. It bears no note of its having been recorded, but shows that it was referred to in the record of a certain property and in the present refusal to record it. The power of attorney, dated February 19, 1909, and given by the appellant's wife to her husband, bears two notes of the Registrar of Property of Mayagüez showing that reference was made to it in making two records of a property situated in the ward of Las Marías, but it does not appear that the records referred to in the said notes were of any of the properties sold by deed No. 127 of July 12, 1915.

From the foregoing it may be observed that deed of sale No. 127 has not been recorded, and although the power of attorney was referred to or taken into account in recording a certain property in the ward of Las Marías, which does not appear to be one of those sold by the said deed,

this does not prevent the registrar from again passing upon the said power of attorney in considering the application for a record of one of the properties sold by said deed No. 127, because the estoppel against making a new classification referred to in the case of *Gerena v. Registrar*, 26 P. R. R. 79, applies to instruments already recorded and not to cases like this in which the deed of sale has not been recorded; therefore, the registrar is not estopped, in considering the deed for the purpose of recording it, from determining the sufficiency of the power of attorney that the husband had when he executed the deed.

Let us examine the other ground of appeal.

The power of attorney under which the husband sold the property in the name of his wife contains a paragraph as follows:

"Second.—To purchase, sell, exchange or mortgage any kind of property belonging to the principal, whether personal or real, or property rights and credits, extending the contracts in private or public instruments, as may be necessary for the validity and efficacy of each of the said contracts."

We have held in several cases that a power of attorney wherein the wife authorizes the husband to sell any kind of property, without specifying community property, does not give the attorney in fact power to sell the ganancial property of the wife, and these decisions support the registrar's decision in this case. *Juncos Central Company v. Registrar of Caguas*, 29 P. R. R. 82, and cases therein cited. And the fact that the marriage was contracted while the Spanish Civil Code was in force is no bar to applying to this case section 1328 of the revised Civil Code requiring the express consent of the wife for the sale of real property, for, as held in the case of *Amadeo v. Registrar*, 3 P. R. R. 134, involving a sale made by the husband after the adoption of the revised Civil Code, although under the first of the temporary provisions of the new Civil Code the changes introduced therein

are not retroactive in effect, this rule is not applicable to the present case, inasmuch as it is not a question of applying the provisions of section 1238 of the new Code to any contract of the same origin entered into under the former laws, nor of prejudicing any right acquired under the protection of the civil legislation formerly in force in this Island, but of applying a new provision of the code to a case which is also new and comes fully within its provisions because it arose long after the aforesaid code had taken effect.

For the foregoing reasons the registrar's decision must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.